UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANDRES SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-840-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Andres Sanchez, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-07-167) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a dangerous or deadly weapon in violation of Indiana Department of Correction (IDOC) Policy A-106 on July 14, 2017. ECF 1 at 1. As a result, he was sanctioned with the loss of 60 days earned credit time and demoted from Credit Class 1 to Credit Class 2, which was suspended. *Id.* The Warden has filed the administrative record and Sanchez filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Sanchez presents a number of grounds he claims entitle him to habeas corpus relief.

In one ground, Sanchez asserts that the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Sanchez was found guilty of violating IDOC offense A-106 which prohibits inmates from "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Sanchez as follows:

> On 7-10-17 at about 10:25 am I Sgt. Reed was searching the cell of Sanchez 204751. I found a metal round rod sharpened to a point on one end. This was hidden inside some conduit in the ceiling.

ECF 5-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Sanchez guilty of possessing a dangerous or deadly weapon. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Sergeant Reed detailed his discovery of a round metal sharpened rod inside the conduit in the ceiling of Sanchez's cell. ECF 5-1 at 1. A photograph taken of the deadly rod corroborates the conduct report. ECF 5-3 at 2. In light of Sergeant Reed's discovery of the deadly rod in the ceiling conduit of Sanchez's cell, coupled with the photographic evidence, there was more than "some evidence" for the DHO to conclude that Sanchez possessed the rod in violation of offense A-106.

Nevertheless, Sanchez argues that the deadly rod could have been hidden by an inmate who had been previously housed in his cell. ECF 1 at 5. But here he seems to

believe that only one person can be in possession of contraband at a time. However, that is not the case under IDOC policy. The IDOC defines possession as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment." The Disciplinary Code for Adult Offenders. http://www. in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_ 6-1-2015.pdf. In other words, multiple offenders may have control over a space, and multiple offenders can be in possession of contraband. *See Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action). Notably, there is no evidence in the record to suggest that Sanchez shared his cell with any other inmate or that any other inmate had access to the part of the cell where the weapon was found. Thus, Sanchez's contention is without merit.

Sanchez also asserts that the only evidence against him was Sergeant Reed's uncorroborated statement that he found the deadly rod after conducting a shakedown

4

of his cell. ECF 1 at 2-3. He claims that Sergeant Reed was "never in [his] cell" and did not actually shakedown his cell. *Id.* Here, Sanchez is asking the court to reweigh the evidence but that is not the role of the court. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Rather, it is the court's role to determine if the DHO's decision to revoke good time credits has some factual basis. *Id.* As discussed, the conduct report details Sergeant Reed's discovery of the deadly rod in the ceiling conduit in Sanchez's cell, which is corroborated by photographic evidence. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Therefore, because the DHO's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, this ground does not state a basis for habeas corpus relief.

In his petition, Sanchez argues his due process rights were violated because his requests for a cell inspection sheet and video evidence were denied. ECF 1 at 2-3. During his screening, Sanchez requested a cell inspection sheet "prior to [his] move" into his cell and video evidence which showed the "shakedown process in [his] cell" and that "[he] was not present at the time." ECF 5-2 at 1. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).

5

Contrary to Sanchez's assertion, he was not denied the right to present evidence at his hearing. Rather, the evidence he requested did not exist. First, the DHO noted, in the report of disciplinary hearing, that the prison's video surveillance system was down and not working at the time of Sanchez's cell inspection. ECF 5-3 at 1. Thus, there was no video footage available to view. Second, in the same report, the DHO noted there was no cell inspection sheet available to review. ECF 5-3 at 1. Sanchez requested the cell inspection sheet to show that "all electrical devices in [his] cell were secured and in good working order." ECF 1 at 2. However, given Sanchez's reason for requesting a cell inspection sheet, if produced, it would not have constituted exculpatory evidence. As a final point, Sanchez did not have a right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. *See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-91 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Therefore, this ground does not provide a basis for habeas corpus relief.

In another ground in his petition, Sanchez claims his placement in administrative segregation along with his other sanctions violate the principles of double jeopardy because he is being punished twice. ECF 1 at 6. But sanctions such as administrative segregation, loss of visitation privileges, and loss of a prison job, do not implicate a prisoner's liberty interests and cannot form a basis for habeas relief. *Moran v. Sondalle*,

6

218 F.3d 647, 650-51 (7th Cir. 2000). Rather, a prisoner can challenge a disciplinary determination in a habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because Sanchez's placement in segregation did not extend the duration of his confinement, it cannot be challenged in a habeas corpus proceeding. Furthermore, double jeopardy principles do not apply in the prison disciplinary context. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Therefore, this ground does not provide a basis for habeas corpus relief.

In his petition, Sanchez further argues that prison officials violated his due process rights because they failed to follow IDOC policy and procedures when they conducted the search of his cell and reviewed his "claim of defense." ECF 1 at 2-3, 6. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Therefore, Sanchez's claims regarding violations of prison policies and procedures can not be remedied in a habeas corpus petition.

Furthermore, Sanchez raised a number of new claims for the first time in his traverse. However, because these claims was not identified as grounds for relief in his

7

petition, as required by Section 2254 Habeas Corpus Rule 2(c)(1), they are not properly before the court. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(1) ("[t]he petition must: (1) specify all the grounds for relief available to the petitioner"); *Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009). Nevertheless, even if the arguments had been properly raised in his petition, they would not have succeeded on the merits.

In his traverse, Sanchez first argues that his due process rights were violated because he was denied an impartial hearing. ECF 9 at 6, 18. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

The court's review of the record indicates there is no competent evidence in the record to support Sanchez's contention that the DHO was biased against him or that he did not receive an impartial hearing. While Sanchez claims the DHO did not consider the cell inspection sheet and video evidence he requested, as discussed *supra*, that evidence did not exist. Notably, Sanchez has not shown that the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary

8

charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Furthermore, as discussed, the DHO thoroughly considered the record evidence and found there was sufficient evidence to find Sanchez guilty. Therefore, this ground does not identify a basis for habeas corpus relief.

In his traverse, Sanchez also seems to claim that the DHO's written decision was inadequate because it failed to provide "a clear conclusion" or explanation for why he was found guilty. ECF 9 at 5, 20. Due process requires that a fact-finder provide a written statement of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564-65. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here, the DHO's report indicated that she considered the staff reports, photographs, confiscation slip, and location sheet. DE 5-3 at 1. Her statement is not lengthy but the DHO adequately identified the evidence she relied on for her decision, and it is clear that she chose to believe Sergeant Reed's conduct report and supporting evidence over that of Sanchez's denials. Because the DHO's written statement satisfied the minimal requirements of due process, this ground also does not provide a basis for habeas corpus relief.

If Sanchez wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

9

pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Andres Sanchez's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on September 11, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT